# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **JAKENDRICK WINZER** | **CIVIL ACTION NO. 5:15-cv-1174** |
| **LA. DOC #534337** | |
| **VS.** | **SECTION P** |
| | **JUDGE S. MAURICE HICKS** |
| **WARDEN JOHNNY SUMLIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Pro se petitioner Jakendrick Winzer, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on July 27, 2015. Petitioner attacks his April 21, 2014, conviction for armed robbery with a firearm and the sentences of 15 and 5 years imposed thereon by the Second Judicial District Court, Claiborne Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED** for failing to exhaust available State court remedies.

### *Statement of the Case*

On April 21, 2014, petitioner pled guilty to charges of armed robbery and armed robbery with a firearm and on the same date he was sentenced to serve sentences of 15 and 5 years. [Doc. 7, ¶1-7] He did not appeal. [*Id.*, ¶8][1] As of July 1, 2015, petitioner had not filed an application for

---

[1] Petitioner alleged that he pled guilty and was sentenced on the same date [Doc. 7, ¶2-3] which suggests that he entered into a plea agreement that specified the length of sentence. If that is the case, under Louisiana law, by virtue of his plea, he waived his right to appeal all non-jurisdictional defects in the proceedings. *See State v. Crosby*, 338 So.2d 584 (La. 1976). Further, if, as it appears, an agreed upon sentence was imposed, he was statutorily prohibited from

post-conviction relief or other collateral attack on his conviction and sentence in a Louisiana Court.[2]

   In a hand written letter addressed to the Clerk of Court dated April 4, 2015, certified April 6, 2015, and mailed on that same date, petitioner advised that his correspondence was meant to advise the Court "... of my intent to file for Habeas review within this Honorable Federal Court..." and "to request that my right to file said petition for Federal Habeas Review ... be perserved [sic] while I endeavor to perfect and file a timely state post-conviction." In that letter petitioner indicated that he is "... aware of the time period for filing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, as per 28 U.S.C. §2244(d)..." He thereafter advised, "... I am an indigent prisoner, unable to acquire a hired attorney, and am presently being housed at a Parish facility that does not possess the necessary legal materials needed to perfect and timely file a petition for State post-conviction relief with the time constraints required to 'toll' the 1-year time limitation for filing a federal habeas application pursuant to 28 U.S.C. §2244(d)(2)." He concluded by asking the Court to "... grant my request ... and allow me to perserve [sic] my Federal Right to pursue Federal Habeas Review in the future once I exhaust my State remedies, if necessary." [Doc. 1]

   On April 21, 2015, the undersigned issued an order directing petitioner to submit his

_____

seeking review of his sentence. See La. C.Cr.P. art. 881.2(A)(2), "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."

   [2] The petition for writ of habeas corpus was certified and "placed in the prison mailing system" on July 1, 2015. [Doc. 7, p. 15] The form petition executed by petitioner asks whether the petitioner "... previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?" To which petitioner responded in the negative. [Doc. 7, ¶10]

petition for habeas corpus on the form approved for use in this Court and to either submit advanced costs of $5.00 or a properly executed application to proceed in forma pauperis within 30 days. The appropriate forms were provided and petitioner was warned that failure to comply with the order would result in the complaint being stricken. [Doc. 3] On May 15, 2015, petitioner submitted his application to proceed *in forma pauperis*, but did not file the petition on the approved form. [Doc. 4] On July 16, 2015, the undersigned, noting petitioner's failure to comply with the memorandum order struck the pleadings from the record. [Doc. 6] Then, on July 27, 2015, petitioner submitted a petition for *habeas corpus* on the form provided earlier. [Doc. 7] On July 28, 2015, the undersigned rescinded the strike order and reinstated the case. [Doc. 8] On July 29, 2015, petitioner's motion to proceed *in forma pauperis* was granted. [Doc. 10]

The petition for habeas corpus filed herein on July 27, 2015, raised the following claims for relief – (1) ineffective assistance of counsel based on trial counsel's failure to investigate or file pre-trial motions; (2) involuntary guilty plea; (3) insufficient evidence; and, (4) excessive and invalid sentence. [Doc. 7, ¶12] Petitioner has not exhausted state court remedies by presenting these claims to the Courts of Louisiana. [See Doc. 7, ¶12 subsections (a) and (d) following each claim for relief.]

3

*Law and Analysis*

The federal *habeas corpus* statute and decades of federal jurisprudence require a petitioner seeking federal *habeas corpus* relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1)(A)[3]; *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982);  *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983);  *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998).

In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts in a "procedurally proper manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5 Cir.2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999);  *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir.1998) citing *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir.1985);  *Mercadel*, 179 F.3d at 275 citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999);  *Magouirk*, 144 F.3d at 360 citing *Richardson*, 762 F.2d at 431-32. In Louisiana, the highest court is the Louisiana Supreme Court. *See* LSA – Const. Art. 5, §5(a) ("The Supreme

---

[3] Title 28 U.S.C. §2254(b)(1) provides, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

4

Court has general supervisory jurisdiction over all other courts...")

Thus, in order for a Louisiana prisoner to have exhausted his state court remedies, he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998).

Petitioner did not properly exhaust any of his current *habeas corpus* claims by presenting them in a proper manner to any Louisiana Court, much less the Louisiana Supreme Court.  State Court remedies remain unexhausted. Further, petitioner has not, nor can he show, that there is an absence of available State corrective process.  See La. C.Cr.P. art. 924 *et seq.*

### 3. Stay and Abeyance

Read liberally, it would appear that petitioner's letter to the Clerk of Court seeks a stay of his federal petition to allow him to return to the Louisiana courts in order to properly exhaust State court remedies. *Habeas* petitions presenting unexhausted claims must ordinarily be dismissed,  *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982);  however, under certain limited circumstances, petitions raising unexhausted claims may be stayed so that the petitioner can return to state court to exhaust state remedies. *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).  Stays are designed to ensure that state *habeas* petitioners do not run afoul of the limitations period and the prohibition against successive petitions codified by the AEDPA as noted above. As stated in *Rhines*, however:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure,

the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ('An application for a writ of *habeas corpus* may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State').

*Rhines*, 544 U.S. at 277, 125 S.Ct. at 1535.

Based on the record currently before the Court, it appears that a stay is not appropriate because the instant petition,  unlike the petition in *Rhines*, is not a "mixed petition" containing some exhausted claims and some claims that were not exhausted. State Court remedies remain unexhausted as to **ALL** of petitioner's claims.  Further, petitioner has not shown good cause for failing to exhaust state court remedies prior to filing this suit.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITHOUT PREJUDICE**  because petitioner has failed to exhaust available State court remedies; and, **IT IS FURTHER RECOMMENDED** that, to the extent that petitioner moves the Court for stay and abeyance of these proceedings, that his motion [Doc. 1] be **DENIED.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

(14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, September 21, 2015.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**